UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Reagies T.,  Civ. No. 24-1554 (PAM/JFD)

          Plaintiff,

v.  **MEMORANDUM AND ORDER**

Martin J. O'Malley, Commissioner of
Social Security Administration,

          Defendant.

---

This matter is before the Court on the parties' cross-Motions for judgment on the administrative record. For the following reasons, Plaintiff's Motion is denied, Defendant's Motion is granted, and this matter is dismissed with prejudice.

**BACKGROUND**

On February 3, 2010, Plaintiff Reagies T.[1] was awarded childhood disability benefits due to autism beginning in 2009. (Admin. R. (Docket No. 7) at 67, 125.) In 2016, the Commissioner initiated an "age-18 redetermination" and found that Plaintiff was considered disabled as an adult under 20 C.F.R. § 416.987. (Id. at 67, 76, 95.) Subsequently, as required by 20 C.F.R. § 416.989, the Commissioner initiated a continuing disability review, and because Plaintiff's condition had improved, determined that he was no longer disabled. (Id. at 85, 88, 94.)

---

[1] This District has adopted the policy of using only the first name and last initial of any nongovernmental parties in orders in Social Security matters.

An individual is considered disabled for purposes of Social Security disability benefits if he is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). In addition, an individual is disabled "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." Id. § 1382c(a)(3)(B). "[A] physical or mental impairment is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." Id. § 1382c(a)(3)(D).

After determining that a claimant is disabled, the Commissioner must "from time to time" conduct a continuing disability review. 20 C.F.R. § 416.989. The Commissioner has established a sequential evaluation process that may include up to eight steps to determine whether an individual's disability has ceased. Id.; see Delph v. Astrue, 538 F.3d 940, 945 (8th Cir. 2008). If the claimant meets the criteria, the ALJ determines that the claimant continues to be disabled. At step one, the ALJ must determine if the claimant is currently engaged in substantial gainful activity. 20 C.F.R. § 404.1594(f)(1). At step two, the ALJ evaluates whether the claimant's impairments meet or medically equal a listed impairment. Id. § 404.1594(f)(2). At step three, the ALJ determines whether there has been a medical improvement; and at step four, the ALJ evaluates whether any such

improvement is related to the claimant's ability to work. Id. § 404.1594(f)(3)-(4). At step five, if there has been no improvement or if the improvement is unrelated to the claimant's ability to work, the ALJ evaluates whether any exception to the medical improvement applies. Id. § 404.1594(f)(5). At step six, if there is a medical improvement related to the claimant's ability to work, the ALJ determines whether the combination of claimant's impairments is severe. Id. § 404.1594(f)(6). If so, at step seven, the ALJ determines whether the claimant has the residual functioning capacity ("RFC") to perform any of his past relevant work activity. Id. § 404.1594(f)(7). Lastly, at step eight, if the claimant is unable to perform the same work as he did in the past, the ALJ determines whether the claimant can perform other work. Id. § 404.1594(f)(8).

Plaintiff administratively appealed the cessation of benefits. (Admin. R. at 90, 125.) In April 2023, at Plaintiff's request, an Administrative Law Judge ("ALJ") held a hearing on Plaintiff's application. (Id. at 13.) Plaintiff testified and was represented by an attorney at this hearing. (Id. at 18.) Thereafter, the ALJ issued his written decision. (Id. at 13-25.) On June 12, 2023, the ALJ determined that Plaintiff's medical condition had improved and that he had been able to work as of January 1, 2021, and therefore ended Plaintiff's disability as of that date. (Id. at 24-25.)

The ALJ determined that Plaintiff had the severe impairments of autism spectrum disorder and anxiety disorder. (Id. at 17-18.) The ALJ found, however, that Plaintiff's impairments did not meet or medically equal any listed impairments. (Id. at 15-17.) The ALJ next determined that Plaintiff had the RFC to perform work at all exertional levels with non-exertional restrictions, including that Plaintiff could: not tolerate exposure to

dangers to life or limb in the workplace or be required to work in high, exposed place; not concentrate, persist, or maintain pace for anything more than simple, routine, repetitive tasks; tolerate occasional changes in the workplace; not perform complex decision-making; and not interact with the public, but could tolerate brief and superficial interactions with others. (Id. at 18.)

After considering testimony from a vocational expert, the ALJ determined that there were jobs Plaintiff could perform in sufficient numbers in the national economy, and therefore found that Plaintiff was no longer disabled as of January 1, 2021. (Id. at 24-25.) The Appeals Council denied Plaintiff's request for review of the ALJ's decision, and this lawsuit followed. See 42 U.S.C. § 405(g) (providing for judicial review of final decisions of the Commissioner of the Social Security Administration).

**DISCUSSION**

Judicial review of the Commissioner's decision is limited to determining whether that decision is "supported by substantial evidence on the record as a whole." McKinney v. Apfel, 228 F.3d 860, 863 (8th Cir. 2000). "Substantial evidence . . . is more than a mere scintilla." Biestek v. Berryhill, 587 U.S. 97, 103 (2019) (quotation omitted). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). This "threshold . . . is not high." Id. "If, after reviewing the record, the court finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the [ALJ's] findings, the court must affirm the [ALJ's] decision." Perks v. Astrue, 687 F.3d 1086, 1091 (8th Cir. 2012) (quotation omitted).

Plaintiff first argues that he should have been found per se disabled because he met the requirements under Listing 12.10 for autism spectrum disorder. (Pl.'s Br. (Docket No. 10) at 16-17.)  Listing 12.10 requires that a claimant meet both the paragraph A and paragraph B criteria.  20 C.F.R. pt. 404, subpt. P, app. 1, § 12.10.  Here, only the paragraph B criteria are at issue.  To satisfy the paragraph B criteria, the mental impairments must result in at least one "extreme" or two "marked" limitations in four broad areas of function—"understanding, remembering or applying information; interacting with others; concentrating, persisting, or maintaining pace; or adapting or managing themselves." Id.

The ALJ determined that Plaintiff's impairments did not meet the Listing 12.10 criteria because Plaintiff was not extremely limited in one area of functioning under paragraph B or markedly limited in two of the areas. (Admin R. at 15-17.)  Plaintiff vaguely argues that the record supported marked restrictions in all four areas but does not specify how the ALJ allegedly erred in his conclusions regarding any area.  Plaintiff further argues that the ALJ failed to consider "substantial evidence" and refers to various facts from school and medical records and evidence from an earlier Social Security hearing that he claims the ALJ ignored, but the ALJ referenced many facts from those same records and hearing in his opinion. (Pl.'s Br. at 16-18; see Admin. R. at 16, 17, 19-23.)  Plaintiff does not explain how the ALJ allegedly erred in not considering that evidence.  In any event, "[a]n ALJ is not required to discuss every piece of evidence submitted." Hensley v. Colvin, 829 F.3d 926, 932 (8th Cir. 2016) (quoting Black v. Apfel, 143 F.3d 383, 386 (8th Cir. 1998)).  Plaintiff disagrees with the ALJ's conclusions but fails to demonstrate any error in the ALJ's reasoning and provides no legal authority to support his vague assertions.

5

Further, Plaintiff contends that "[t]he ALJ did not adequately address the necessity for or existence of . . . significant family and community supports when determining [his] RFC." (Pl.'s Br. at 21.) But Plaintiff does not reference any record evidence to support his claim, and although Plaintiff mentions several cases, he fails to argue their relevance to this matter. Therefore, Plaintiff fails to meet his "'continuing burden' to demonstrate that he is disabled." Nelson v. Sullivan, 946 F.2d 1314, 1315 (8th Cir. 1991) (quoting Mathews v. Eldridge, 424 U.S. 319, 336 (1976)). Even so, the Court reviewed the legal authority that Plaintiff references and does not find it persuasive.

Plaintiff next asserts that the ALJ improperly weighed various medical opinions, affording too much weight to the opinions of the 2021 consultative examiner, Dr. Craig Barron, and 2021 psychological medical consultant, Dr. Craig Brown, and "err[ing] in rejecting" Dr. Alford Karayusuf's 2016 opinion and Dr. Robin Councilman's 2021 opinion. (Pl.'s Br. at 18-20.) As an initial matter, Plaintiff fails to specify the ALJ's alleged errors in his analysis of the regulatory factors under 20 C.F.R. § 404.1530c(c). The ALJ reasonably explained that he determined Dr. Councilman's findings to be "conclusory and inconsistent with Dr. Barron's findings" and other treatment records, "[in]consistent with the school records," and further noted that Dr. Councilman offered merely a check-box opinion. (Admin. R. at 23.) The ALJ described that Plaintiff did not seek medical treatment for multiple years, and that Plaintiff reported that he sought treatment from Dr. Councilman only when he lost his disability benefits "for a lack of healthcare interaction." (Id. at 21, 644.) The ALJ indicated that Dr. Barron noted a similar improvement in Plaintiff in that he did not demonstrate the same "lack of understanding of

6

basic concepts and questions that Dr. Karayusuf earlier observed" in 2016. (Id. at 19.) Thus, the ALJ reasonably concluded that recent evidence demonstrated that Plaintiff's condition had improved since 2016, and Plaintiff provided no medical records for the ALJ to consider from between 2016 to 2021. Plaintiff provides no reason why the ALJ insufficiently considered the regulatory factors regarding the medical opinions.

## CONCLUSION

Substantial evidence supports the ALJ's conclusion that Plaintiff is not disabled. Accordingly, **IT IS HEREBY ORDERED that**:

1. Plaintiff's Motion for Judgment (Docket No. 10) is **DENIED**;

2. Defendant's Motion for Judgment (Docket No. 15) is **GRANTED**; and

3. This matter is **DISMISSED with prejudice**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:   October 10, 2024               *s/Paul A. Magnuson*
                                        Paul A. Magnuson
                                        United States District Court Judge